Filed 2/27/13  P. v. Moreno CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JAIME PINEDA MORENO,<br><br>  Defendant and Appellant. | F063711<br><br>(Super. Ct. No. 482591-5)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Roger K. Litman, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jennevee H. De Guzman, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

[*]  Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

Appellant, Jaime Pineda Moreno, appeals from the trial court's denial of his petition, pursuant to Penal Code section 1016.5,[1] to vacate his 1993 conviction in case No. 482591-5 for sale of marijuana (Health & Saf. Code, § 11360, subd. (a)). He contends he was not adequately advised of the immigration consequences of his plea as required by section 1016.5.[2] We conclude that a motion to vacate a judgment for failure to give the section 1016.5 advisements is an attack on the validity of the plea. As such, an appeal from the denial of such a motion requires the defendant to obtain a certificate of probable cause from the trial court in compliance with section 1237.5. Because appellant did not obtain the requisite certificate of probable cause, we dismiss the appeal.

## PROCEDURAL BACKGROUND[3]

On March 22, 1993, Moreno pled guilty to sale of marijuana. On July 1, 2011, Moreno filed a section 1016.5 motion to vacate the judgment on the grounds that he had

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] Section 1016.5 provides in part: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. [¶] (b) ... If ... the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

[3] We do not recite the procedural details or the facts underlying the charged offenses, as they are not relevant to the issues on appeal.

2

not been adequately advised of the immigration consequences of his plea.  On September 11, 2011, the trial court denied Moreno's section 1016.5 motion to vacate the judgment.

On October 27, 2011, Moreno filed a notice of appeal from the denial of the motion; he did not obtain a certificate of probable cause.

## DISCUSSION

Appellant acknowledges that in *People v. Placencia* (2011) 194 Cal.App.4th 489 (*Placencia*) the court held that a certificate of probable cause is required for a defendant to appeal from the denial of a motion to vacate plea brought under section 1016.5, subdivision (b).  (*Placencia*, at p. 493-494.)  However, he urges this court to conclude that *Placencia* was erroneously decided.  Respondent cites *Placencia* to assert the appeal must be dismissed because appellant failed to obtain a certificate of probable cause pursuant to section 1237.5.  For reasons to follow, we agree with respondent.

Section 1016.5, subdivision (a) requires the trial court, prior to accepting a guilty plea, to advise the defendant that conviction may have various immigration consequences, including deportation and exclusion from admission to the United States. If the trial court fails to so advise, and the defendant shows the conviction may have the consequence of deportation or exclusion, or denial of naturalization, "the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."  (§ 1016.5, subd. (b).) In *People v. Totari* (2002) 28 Cal.4th 876 at page 887, the Supreme Court held that denial of a section 1016.5 motion to vacate a guilty plea is an appealable order.

Generally, to appeal from a guilty plea, section 1237.5 requires the defendant to obtain a certificate of probable cause from the trial court.[4]  Section 1237.5 "relates to the

---

[4]      Section 1237.5 reads:  "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or

3

procedure in perfecting an appeal from a judgment based on a plea of guilty, and not to the grounds upon which such an appeal may be taken." (*People v. Ribero* (1971) 4 Cal.3d 55, 63, fn. omitted, superseded by statute on another point as stated in *In re Chavez* (2003) 30 Cal.4th 643, 656.) It does not apply to errors that occur after a plea has been entered. (*People v. Johnson* (2009) 47 Cal.4th 668, 678.) However, "[i]t has long been established that issues going to the validity of a plea require compliance with section 1237.5. [Citation.] Thus, for example, a certificate must be obtained when a defendant claims that a plea was induced by misrepresentations of a fundamental nature [citation] or that the plea was entered at a time when the defendant was mentally incompetent [citation]. Similarly, a certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate. [Citation.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 (*Panizzon*).) In determining whether section 1237.5 applies, the critical inquiry is whether the issue on appeal is, in substance, a challenge to the validity of the plea, in which case the requirements of section 1237.5 must be met. (*Panizzon,* at p. 76.)

In *Totari,* the defendant obtained a certificate of probable cause before appealing the denial of his section 1016.5 motion to vacate. (*Totari, supra,* 28 Cal.4th at p. 880.) The Court of Appeal dismissed the appeal on the grounds that the order was nonappealable. (*Ibid.*) Our Supreme Court reversed, concluding that denial of a section 1016.5 motion to vacate was an appealable order. (*Totari,* at pp. 886–887.) But whether a certificate of probable cause is required to perfect an appeal from denial of a section 1016.5 motion to vacate was not at issue in *Totari,* since the opinion makes clear the defendant had obtained one. "'It is axiomatic that cases are not authority for propositions

---

other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

4

not considered. [Citation.]'" (*People v. Jennings* (2010) 50 Cal.4th 616, 684.) Thus, *Totari* does not stand for the proposition that a certificate of probable cause is or is not required to perfect an appeal from denial of a section 1016.5 motion.

Whether compliance with section 1237.5 is necessary to perfect an appeal from an order denying a section 1016.5 motion was precisely the issue before the court in *Placencia*. The *Placencia* court concluded compliance was required, reasoning that an appeal from denial of a section 1016.5 motion to vacate is based on the claim that the trial court failed to give the requisite advisements, "which necessarily precedes the entry of the plea and affects the validity of the plea." (*Placencia, supra,* 194 Cal.App.4th at p. 494.) Requiring compliance does not impede the defendant's right to appeal, the court explained, because if the trial court wrongfully refuses to issue a certificate, the defendant may obtain relief through a writ of mandate. (*Id.* at p. 495.) We find *Placencia*'s reasoning persuasive and adopt it here. Because appellant did not obtain a certificate of probable cause, he failed to perfect his appeal.[5]

## DISPOSITION

The appeal is dismissed.

---

[5] The issue of whether a defendant must obtain a certificate of probable cause in order to appeal the denial of a motion to withdraw a guilty plea for failure by the court or counsel to advise the defendant of the immigration consequences of the plea in accordance with section 1016.5 is currently pending before the California Supreme Court in *People v. Arriaga* (2011) 201 Cal.App.4th 429, review granted February 22, 2012, S199399 (maj. opn. in *Arriaga* disagreed with *Placencia* and found no probable cause certificate required). Until such time as the Supreme Court concludes otherwise, we see no reason to depart from *Placencia.*