Filed 3/12/13  P. v. Hamawi CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062045 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SF080943) |
| MUHAMMED SHAKIR HAMAWI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Appeal dismissed.

This is the second appeal by Muhammed Hamawi in his efforts to avoid the deportation consequences of felony convictions he suffered between 1989 and 1994.  In his previous appeal (*People v. Hamawi* (Aug. 22, 2012) D060996),[1] Hamawi challenged the trial court's order denying his motions under Penal Code[2] section 1016.5 to set aside

---

[1]    We take judicial notice of our opinion in *People v. Hamawi, supra* (D060996), filed August 22, 2012.

[2]    All further statutory references are to the Penal Code unless otherwise specified.

his 1989 guilty plea to voluntary manslaughter (§ 192, subd. (a)) and his 1991 guilty plea to possession of methamphetamine for sale (Health & Saf. Code, § 11378).

In the present case, in 2011, Hamawi filed a motion pursuant to section 1016.5, in the trial court to set aside his 1994 guilty plea to being a felon in possession of a firearm (§ 12021), which was denied by the trial court. The court also denied his application for a certificate of probable cause. Hamawi appeals contending he is not required to have a certificate of probable cause, that the court erred in denying his motion to set aside his guilty plea, that his trial counsel at the time of his plea was ineffective for failing to adequately advise him of the deportation consequences of his plea, and that he would not have entered such plea had he been correctly advised.

We will dismiss his appeal for failure to obtain a certificate of probable cause.

Additionally we will find no error by the court in denying Hamawi's motion on either section 1016.5[3] grounds or his claim of ineffective assistance of counsel.

---

[3]     Section 1016.5 provides in part: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. [¶] (b) Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section. If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a

2

PROCEDURAL BACKGROUND

Since the facts of the underlying offense are not material to the issues on appeal we will focus solely on the procedural events in the trial court.

On January 6, 1989, Hamawi pleaded guilty to voluntary manslaughter with the use of a firearm in San Diego Superior Court case no. CR99761 as a lesser included offense of murder. As part of the plea agreement Hamawi was granted probation subject to local custody. Hamawi did not appeal from this conviction.

On April 3, 1991, Hamawi pleaded guilty in San Diego Superior Court case no. CR120122 to possession of a significant quantity of methamphetamine for sale and was sentenced to a two-year term in prison. Hamawi did not appeal from this conviction.

On January 5, 1994, Hamawi entered a guilty plea in the present case to possession of a firearm by a felon (§ 12021, subd. (a)) and admitted a prison prior (§ 667.5, subd. (b)). As part of a plea agreement, Hamawi was granted three-years formal probation. On June 15, 1995, Hamawi was ordered deported and therefore his probation was converted to summary probation to expire on February 23, 1997. Hamawi did not appeal this conviction.

On July 22, 2011, Hamawi filed separate motions to vacate his guilty pleas in the manslaughter and methamphetamine cases as well as the present case. He contended he had not been advised of the immigration consequences of his guilty pleas as required by section 1016.5.

record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

3

In November 2011, the trial court denied Hamawi's requests to vacate the manslaughter and methamphetamine cases and denied his request for certificates of probable cause.

The motion in the present case was heard and denied by the trial court in April 2012. The court denied Hamawi's request for a certificate of probable cause. Hamawi filed a timely notice of appeal.

While this appeal was pending, this court dismissed Hamawi's appeal in the manslaughter and methamphetamine cases in an unpublished opinion (*People v. Hamawi, supra,* (D060996)), filed August 22, 2012.

DISCUSSION

I

*REQUIREMENT OF A CERTIFICATE OF PROBABLE CAUSE*

Hamawi recognizes that ordinarily one cannot appeal from a denial of a challenge to a plea of guilty without first obtaining a certificate of probable cause from the trial court. (*People v. Johnson* (2009) 47 Cal.4th 668, 678.) Hamawi argues that appeals from motions to vacate guilty pleas pursuant to section 1016.5 do not require certificates of probable cause. We disagree and dismiss this appeal.

Section 1237.5 provides that a defendant may not appeal from a judgment of conviction based on a guilty plea without first obtaining a certificate of probable cause. A person may, however, appeal from postconviction issues without obtaining a certificate of probable cause, as long as the appeal does not challenge the validity of the plea itself.

4

(*People v. Johnson, supra,* 47 Cal.4th at pp. 678-679; *People v. Mendez* (1999) 19 Cal.4th 1084, 1096; *People v. Panizzon* (1996) 13 Cal.4th 68, 75-76.)

As Hamawi argues, section 1016.5 not only requires appropriate advisement of the potential impact of a guilty plea on a defendant's immigration status, it also provides that a defendant may bring a motion to vacate the plea based on an alleged failure to comply with section 1016.5.

The Court of Appeal in *People v. Placencia* (2011) 194 Cal.App.4th 489, 493-495 (*Placencia*), specifically addressed the issue before us. In that case the court held that a defendant cannot challenge the denial of a motion to vacate a guilty plea under section 1016.5 without first complying with the requirements of section 1237.5.

The court in *Placencia, supra,* 194 Cal.App.4th 489, applied clear direction from the Supreme Court that guilty pleas cannot be challenged on appeal without complying with section 1237.5. The high court has directed that that section should be strictly enforced. (*People v. Mendez, supra,* 19 Cal.4th at p. 1098.) It is certainly clear that the appeal from the denial of a motion to vacate a guilty plea is as much of a challenge to the guilty plea as is an appeal from the denial of a motion to withdraw a guilty plea, which clearly requires a certificate of probable cause. (*People v. Johnson, supra*, 47 Cal.4th at p. 678.) We agree with the reasoning of the court in *Placencia* and find the current appeal is not properly before us.

We are also aware that a different appellate court took a contrary position on this issue and that the Supreme Court has granted review in that case (*People v. Arriaga* (2011) 201 Cal.App.4th 429, rev. granted Feb. 22, 2012, S199339). While we are aware

5

that review has been denied in *Placencia, supra,* 194 Cal.App.4th 489 (S193103, July 20, 2011), we will not speculate as to the significance of the two actions.

However, in an abundance of caution, we will address Hamawi's remaining issues.

II

*APPELLANT WAS PROPERLY WARNED ABOUT IMMIGRATION CONSEQUENCES*

Because Hamawi waited two decades to first challenge any of his guilty pleas, the records surrounding those pleas are limited. Hamawi did not appeal from any of the convictions and by the time of the present challenge the court reporter's notes for the 1994 plea had been destroyed and the court reporter had died. In addition, his trial counsel had no recollection of the case and the file had been purged. We do, however, have the change of plea form for the plea in this case. Hamawi signed the form and initialed the specific immigration warning:

> "I understand that if I am not a citizen of the United States, a plea of Guilty or No Contest could result in deportation, exclusion from admission to this country, and/or denial of naturalization."

As we have noted there is no transcript of the 1994 plea available.

There is no legislative or case law requirement that the defendant be verbally warned in compliance with section 1016.5. The required warning may be provided in written form. (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522; *People v. Quesada* (1991) 230 Cal.App.3d 525, 535-536.) Certainly, the record would be improved by a verbal warning, in addition to the written advisement in the change of plea form, however, it is clear that the written version is sufficient.

Thus, this record, infirmities notwithstanding, provides us with a clear showing that Hamawi was properly advised pursuant to section 1016.5. Accordingly, the trial court in this proceeding correctly concluded that Hamawi had not carried his burden to justify vacating his guilty pleas.

III

*HAMAWI HAS NOT SHOWN THAT COUNSEL WAS INEFFECTIVE*

Finally, Hamawi contends his counsel was ineffective in 1994 in failing to adequately advise him of the potential that 17 years later he would be subject to deportation. Forgetting for the moment that Hamawi was advised of immigration consequences in this case, there is nothing in this record to show that Hamawi would have received a better outcome in the absence of the alleged failure.

In order for a defendant to demonstrate that he or she has been denied the Sixth Amendment right to effective assistance of counsel, the person must show that counsel not only failed to adequately perform, but that in the absence of the error it is reasonably likely the defendant would have received a more favorable result. (*Strickland v. Washington* (1984) 466 U.S. 668.) Even if the issue of ineffective assistance is cognizable on this appeal, Hamawi has failed to meet his burden of showing a different result would have been likely.

By the time of the plea in this case, Hamawi had been convicted of two prior felonies and had served a term in prison. Although he could have been given a significant sentence for the current offense with a prison prior, counsel was able to obtain a grant of probation for Hamawi, far less than would otherwise have been likely. In

7

short, Hamawi, having been informed in three successive cases of the possible immigration consequences, took advantage of a very favorable plea bargain. It would be utter speculation on this record to believe further immigration advice from counsel would have lead to any better outcome in Hamawi's criminal cases.

Hamawi relies heavily on *Padilla v. Kentucky* (2010) 130 S.Ct. 1473, to support his contention he was denied effective assistance of counsel. *Padilla* does not assist him. In *Padilla*, the court held that trial counsel's failure to inform the client of immigration consequences could rise to the level of ineffective assistance of counsel under the Sixth Amendment in an appropriate case. The court did not find the assistance of counsel in that case to be ineffective, rather the court remanded the case to the lower courts to explore the issue of prejudice. In this case, as we have determined, Hamawi was informed by the court of possible immigration consequences at the time of each of his guilty pleas. He entered those guilty pleas, fully aware that he was not a citizen of this country and that the convictions could adversely impact his status. The fact that some years later he did face adverse consequences under the current state of federal immigration law, does not demonstrate, or even reasonably hint that Hamawi was denied effective assistance of counsel during the plea bargaining process.

DISPOSITION

The appeal is dismissed.


                                                                    HUFFMAN, J.

WE CONCUR:


        McCONNELL, P. J.


        McINTYRE, J.