Filed 3/26/13  P. v. Bongato CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D060283 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS197724) |
| CONRADO DE VERA BONGATO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Appeal dismissed.

Conrado De Vera Bongato appeals from an order denying his Penal Code[1] section 1016.5 motion to vacate his conviction following his guilty plea to inflicting corporal injury on a spouse (§ 273.5, subd. (a)).  Because Bongato did not obtain a certificate of probable cause (§ 1237.5), we dismiss the appeal.

---

1      All statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

Bongato is a citizen of the Philippines who has been living in the United States since 1985. In December 2005, Bongato pleaded guilty to inflicting corporal injury on his ex-spouse. The factual basis for the plea indicates he had "head butted" her, causing an injury to her forehead.

At the time of his plea, Bongato was represented by counsel, and both signed the plea form. Bongato also initialed a box on the form that states: "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I will be deported, excluded from admission to the U.S., and denied naturalization." (Bold omitted.) Bongato's attorney averred: "I, the attorney for the defendant in the above-entitled case, personally read and explained to the defendant the entire contents of this plea form and any addendum thereto. I discussed all charges and possible defenses with the defendant, and the consequences of this plea, including any immigration consequences. I personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge his/her understanding and waivers. I observed the defendant date and sign this form and any addendum. I concur in the defendant's plea and waiver of constitutional rights."

At the plea hearing, the trial court questioned Bongato as to whether he had signed the plea form and understood his constitutional rights, and Bongato affirmed he entered

2

into the plea and waived those rights freely and voluntarily, and not based on any promises. The court recited the terms of the plea, including the 365 days in custody, and Bongato stated he understood that was his plea bargain. It found Bongato was in full possession of his faculties, understood the nature of the proceeding, and freely and voluntarily waived his constitutional rights.

The court suspended imposition of sentence and placed Bongato on three years formal probation, with 365 days in local custody.

In February 2010, Bongato petitioned the court to modify his sentence from 365 to 364 days, so he would not suffer the adverse immigration consequences of a conviction for an aggravated felony. The petition was denied, and this court dismissed Bongato's appeal from that order as from a nonappealable order.[2]

In May 2011, Bongato moved to vacate his conviction on grounds the court failed to advise him of the immigration consequences of his plea, he failed to fully understand the consequences of his plea, and ineffective assistance of his counsel. The court denied the motion. It first found Bongato had not acted with reasonable diligence in bringing the motion and had engaged in piecemeal litigation, warranting summary reversal. It further found on the merits Bongato had not shown entitlement to relief under section 1016.5. Finally the court ruled it lacked jurisdiction to consider his claim of ineffective assistance of counsel.

---

[2] We have granted Bongato's unopposed request for judicial notice of the appellate record in Bongato's prior appeal, *People v. Bongato*, D056929.

In August 2011, Bongato filed an amended notice of appeal along with a request for a certificate of probable cause. The court denied the request on grounds Bongato had not shown reasonable constitutional, jurisdictional, or other grounds for appeal relating to the legality of the proceedings.

## DISCUSSION

Challenging each of the trial court's findings, Bongato contends the court abused its discretion by denying his motion to vacate the conviction. He argues that in taking his plea, the court failed to question him about the printed advice as to immigration consequences and that the plea colloquy reveals he did not actually say he read and understood the plea form. Bongato maintains he was prejudiced by the court's improper advisement. Finally Bongato argues his appointed counsel was prejudicially ineffective when he agreed to an erroneous characterization of the posture of his case, asked to be relieved as counsel, and allowed the matter to proceed as a regular habeas.

The People respond that the appeal must be dismissed because Bongato did not obtain a certificate of probable cause. We agree.

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

4

It is well established that "[a] defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea, even though such a motion involves a proceeding that occurs *after* the guilty plea." (*People v. Johnson* (2009) 47 Cal.4th 668, 679; *People v. Placencia* (2011) 194 Cal.App.4th 489, 494 (*Placencia*).) Without a certificate of probable cause defendant is not entitled to review of the validity of his plea. (*People v. Johnson*, at p. 675; *Placencia*, at p. 494; see *People v. Rodriquez* (2012) 208 Cal.App.4th 998, 1000.) Thus, a certificate must be obtained to secure review of the failure to advise of the penal consequences of a defendant's guilty plea including the failure to advise of immigration consequences, or mistaken advisement regarding potential sentencing. (*Placencia*, *supra*, 194 Cal.App.4th at p. 494; *People v. Pearson* (1981) 120 Cal.App.3d 782, 791.) Where a certificate of probable cause is required but has not been obtained, we "may not proceed to the merits of the appeal, but must order dismissal thereof." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096.)

In *Placencia*, the court relied upon the California Supreme Court's strict application of section 1237.5 in *People v. Johnson*, *supra*, 47 Cal.4th 668, in which the court explained that an attack on an integral part of the plea agreement, even if it purports to challenge only the sentence imposed, was in substance a challenge to the validity of the plea. (*Johnson*, at pp. 678-679.)[3] *Johnson* reviewed the primary purpose of section

---

[3] In *People v. Johnson*, *supra*, 47 Cal.4th 668, the defendant entered a no contest plea and later moved to change his plea, claiming he was denied effective assistance of counsel before his sentencing. (*Id.* at p. 673.) After hearing the defendant's and his attorney's testimony, the trial court denied the motion. (*Id.* at p. 674.) Defendant filed a notice of appeal challenging the validity of the plea and requested a certificate of

1237.5—to prevent the taking of frivolous appeals based on the asserted invalidity of guilty pleas—and explained that the determinative factor was " 'the substance of the error being challenged, not the time at which the hearing was conducted.' " (*Id*. at p. 681.) According to the court, a "contrary holding would 'invite such motions [to withdraw the plea] as a matter of course, and would be wholly contrary to the purpose of section 1237.5.' " (*Johnson*, at p. 679.) Thus, the court held a certificate was required for defendant's claim on appeal that he was denied effective assistance of counsel prior to sentencing in connection with his motion to withdraw his guilty plea. (*Id*. at pp. 679-680.)

Like the *Johnson* court, the Court of Appeal in *Placencia* looked to the substance of the appeal: "An appeal from a denial of a section 1016.5 motion is technically from an 'order made after judgment' (§ 1237, subd. (b)) and not 'from a judgment of conviction

probable cause. (*Id.* at pp. 674-675.) The basis of his request was that he had not waived his fundamental rights knowingly, intelligently, or voluntarily, and thus the court abused its discretion by denying his motion to withdraw his plea. (*Id.* at pp. 675.) The trial court denied defendant's request, and defendant then filed an amended notice of appeal, changing the language to read that the " 'appeal is based on the sentence and other matters occurring *after* the plea and does not challenge the validity of the plea.' " (*Ibid*., italics added.) He did not request a new certificate of probable cause. The appellate court dismissed his appeal for failure to obtain a certificate of probable cause under section 1237.5. (*Ibid.*) The Supreme Court affirmed, looking to the Legislature's rationale behind the certificate requirement and observing that an exception to that requirement applied where a defendant " 'is not attempting to challenge the validity of his plea of guilty but is asserting only that errors occurred in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed.' " (*Id.* at p. 677.) The court then qualified that exception, stating, "Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*Id.* at p. 678.) Such a challenge " 'is, in substance, a challenge to the validity of the plea . . . .' " (*Id.* at pp. 678-679.)

upon a plea' of guilty or nolo contendere (§ 1237.5). But a section 1016.5 motion follows a claimed failure by the trial court to advise the defendant of the immigration consequences of a plea of guilty or nolo contendere which necessarily precedes the entry of the plea and affects the validity of the plea." (*Placencia*, 194 Cal.App.4th at p. 494.)

Bongato urges us to hold that *Placencia* was wrongly decided, that it "improperly conflates the applicable statutory directives" and uses flawed logic. Specifically, Bongato argues *Placencia* ignores the plain language of section 1237, subdivision (a), which requires a certificate of probable cause only when a final judgment is "upon a plea of guilty or nolo contendere," and there is no such corresponding right under subdivision (b) of section 1237, under which his appeal falls. He argues, "If the Legislature had intended that the certificate of probable cause be required for all appeals which attack the validity of the plea, no matter whether they flow from a judgment of conviction or an order after judgment affecting the defendant's substantial rights, it could have so provided."

We are not persuaded. The *Johnson* court conducted a thorough review of the legislative intent behind the certificate requirement, and its reasoning demonstrates the correctness of *Placencia*'s approach. An appeal from the denial of a motion to vacate a guilty plea is as much of a challenge to the plea as is an appeal from the denial of a motion to withdraw a guilty plea, which requires a certificate of probable cause. "If [Bongato] could circumvent [the certificate requirement] by placing a different label on his . . . motion, the purpose of section 1237.5 would be undermined. [Citation.] Similarly, the existence of an express statutory basis for a motion to challenge a trial

7

court's failure to give an immigration advisement does not warrant creation of a new exception to the certificate of probable cause requirement. . . . [S]ection 1237.5 does not impede a defendant's right to appeal any nonfrivolous issue if he or she seeks and obtains a certificate of probable cause. [It] concerns the procedure for perfecting an appeal from a judgment based on a plea of guilty or nolo contendere; it does not limit the grounds upon which an appeal may be taken." (*Placencia*, *supra*, 194 Cal.App.4th at p. 494.)[4] If the trial court wrongfully refused to issue a certificate, Bongato's relief was to file a petition for writ of mandate. (*Id*. at p. 495.)

---

[4]     The California Supreme Court will resolve this issue eventually in the context here presented: a claim that a defendant was given inadequate advisement of the potential immigration consequences of his plea. (See *People v. Arriaga* (2011) 201 Cal.App.4th 429 [133 Cal.Rptr.3d 807], review granted Feb. 22, 2012, S199399.) It denied review in *Placencia*, and presently has before it *Arriaga*, which took a contrary view from *Placencia*.

## DISPOSITION

The appeal is dismissed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.