Filed 10/18/13  P. v. Lopez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANNY LOPEZ,<br><br>    Defendant and Appellant. | B245422<br><br>   (Los Angeles County<br>   Super. Ct. No. LA067690)<br><br>   **ORDER MODIFYING OPINION**<br>[There is no change in judgment] |

GOOD CAUSE appearing, the opinion filed October 16, 2013, in the above entitled matter is hereby modified as follows:

On page 1, the case No. "BA307784" should be replaced with case No. "LA067690."

There is no change in the judgment.

_____

BIGELOW, P. J.                          RUBIN, J.                          GRIMES, J.

Filed 10/16/13  P. v. Lopez CA2/8 (unmodifed version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B245422 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA307784) |
| v. | |
| DANNY LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Martin Herscovitz, Judge.  Affirmed.

Alan C. Stern, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On August 8, 2011, defendant Danny Lopez was charged with attempted murder, assault on a police officer, shooting at an aircraft and carrying a loaded firearm, together with several weapons and street gang enhancements. Following a preliminary hearing, and after being duly advised of his constitutional rights and the consequences of his plea, defendant pleaded no contest to two counts of assault on a peace officer with a semiautomatic firearm (Pen. Code, § 245, subd. (d)(2)). He also admitted gun use enhancements attached to those counts (Pen Code, §§ 12022.53, 12022.5)). He was sentenced to concurrent terms of25 years in state prison.

Defendant timely filed a notice of appeal to which was attached a request for certificate of probable cause. The certificate of probable cause was denied on November 14, 2012.[1]

We appointed counsel to represent defendant on appeal. On April 24, 2013, counsel filed an opening brief stating that he could not find any arguable issues for appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) On April 25, 2013, we sent a letter to counsel directing him to send the record on appeal and a copy of the opening brief to defendant. On the same date, we sent a letter to defendant inviting him to file a letter or brief raising any issues he wanted us to consider. Although we received two letters from defendant asking for additional time to file a supplemental brief, requests which we granted, we did not receive any brief or letter from defendant that raised any issues.

As this appeal is from a no contest plea, we take the facts from the transcript of the preliminary hearing which is part of the record. On April 15, police officers responded to a "shots fired" call in the neighborhood in which defendant lived. Officers arrived at the location near Saticoy St. and Densmore Ave. in Van Nuys where they heard multiple gunshots. Officers called for backup and helicopter support. After the helicopter arrived over the location, shots were fired in the air, with two of them hitting the airship. Two

---

[1]     The denial of a certificate of probable cause may only be reviewed by way of petition for extraordinary writ. (*People v. Placencia* (2011) 194 Cal.App.4th 489, 494-495.) No such petition was filed here. Thus any issues on appeal would be limited to those permitted by Penal Code section 1237.5.

police officers were in the helicopter at the time. The helicopter made an emergency landing at nearby Van Nuys Airport. Examination of the aircraft revealed two bullet holes. Jet fuel was leaking.

Various witnesses testified or told police that they heard gunshots while defendant was observed with what appeared to be a rifle pointed in the air. Defendant appeared intoxicated. Police recovered a blue steel S-K-S rifle at the residence where defendant lived with his mother and other family members. Approximately 38 fired cartridge cases were recovered at the scene, 14 of which were in close proximity to each other. Laboratory reports showed that the spent cartridges came from the rifle that had been recovered at defendant's residence, and one bullet that had lodged in the helicopter was also from that rifle. Forensic specialists were unable to say with certainty whether fragments of the second bullet that hit the helicopter also were from the rifle.

On August 7, 2012, following arraignment on the charges and a series of continuances primarily to accomplish discovery between counsel, the court entertained defendant's motion to relieve his attorney under *People v. Marsden* (1970) 2 Cal.3d 118. We have reviewed the transcript of the motion and conclude that the trial court properly denied it.[2]

On the same date, defendant entered his plea of no contest to two counts of assault on a peace officer with a semiautomatic, and he admitted the gun use enhancements attached to those counts. Sentencing was continued until October 10, 2012. On that date, when the case was called for sentencing, defendant's counsel made a motion to allow

---

[2]    As noted, defendant did not file a supplemental brief even though he was given the opportunity to do so. However, in his request for a certificate of probable cause, he stated: "I wanted to go to trial. I pled only because my public defender refused to take my case to trial. She told me she was too busy to try it, that I had no rights and that I had to plead; I believe I didn't receive effective assistance of counsel. If counsel had been willing to try my case, I would not have pled. From what she said, her unwillingness to try it was not based on the facts of my case but on her having too much other work to do."

Even if we were to treat these points as made in a supplemental brief on appeal, defendant has failed to establish either that the *Marsden* motion should have been granted or that he received ineffective assistance of counsel.

defendant to withdraw his plea on the grounds that it was coerced. Counsel referred generally to "Marsden information," which we understand at least in part was a reference to the earlier denied M*arsden* motion. Defendant testified briefly in open court that he felt pressured by his family to change his plea to no contest. The trial court denied the motion to withdraw the plea, referring to portions of the plea transcript on August 7, 2012, in which defendant was advised that he was facing three life terms with a minimum parole eligibility date of 64 years. At the time of his plea, defendant stated orally that he was acting freely and voluntarily. The trial court properly exercised his discretion in denying the motion to withdraw based on defendant's conclusory testimony which failed to show the requisite good cause. (Pen. Code, § 1018; *People v. Weaver* (2004) 118 Cal.App.4th 131, 145-146.)

Defendant was thereafter sentenced pursuant to the plea agreement and the remaining counts and enhancements were dismissed.

We have independently reviewed the record and find no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

4