Filed 10/24/13  P. v. Martinez CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTO MARTINEZ,<br><br>    Defendant and Appellant. | B246490<br><br>(Los Angeles County<br>Super. Ct. No. BA398528) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John S. Fisher, Judge.  Dismissed.

Sarah J. Ellenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Justo Martinez appeals from the judgment entered following his no contest plea to three counts of committing a forcible lewd act on a child. (Pen. Code, § 288, subd. (b).) We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Because defendant entered a no contest plea, we set forth an abbreviated statement of the facts. Jessica G. lived with her mother and two uncles, defendant and Alvardo. While her mother and Alvardo were at work, defendant committed a number of lewd acts upon her. He began by fondling her bare chest, progressed to touching her vagina, and ultimately engaged in sexual intercourse. She tried to fight him off, but he was too large. These incidents began when she was six years old and ended when she was seven, after defendant moved away.[1]

On November 6, 2012, defendant pled no contest to three counts as set forth above. On December 6, pursuant to the plea agreement, he was sentenced to 24 years in prison. On January 18, 2013, defendant filed a notice of appeal, challenging the validity of the plea based on matters that occurred after the plea was taken. His request for a certificate of probable cause was denied.

## DISCUSSION

After reviewing the record, defendant's appointed appellate counsel filed a brief that raised no issues and asked this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel declared that she sent defendant the record on appeal, a copy of the brief filed on his behalf, and a letter explaining the nature of the brief. On June 20, 2013, we sent a letter to defendant advising him that he had the

---

[1] A second victim, Carlos G., testified that when Carlos was 12 years old, defendant fondled his penis, placed his penis in Carlos's rectum, and had Carlos orally copulate him. Defendant did not admit any of the charges involving Carlos.

2

opportunity to file a brief within 30 days raising any contention which he wished this court to consider. To date, we have received no response.

Defendant is challenging the validity of the plea. Penal Code section 1237.5 provides that he may not appeal a judgment of conviction entered upon a plea of guilty or no contest without obtaining a certificate of probable cause. (*People v. Johnson* (2009) 47 Cal.4th 668, 678.) This is so, even though his appeal is allegedly based on matters that occurred *after* the plea. (*Id.* at p. 679.) Defendant's failure to obtain a certificate of probable causes requires dismissal of his appeal. (*People v. Placencia* (2011) 194 Cal.App.4th 489, 493-495.)

We have independently reviewed the record. We are satisfied that no arguable issues exist and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent examination of the record, received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SUZUKAWA, J.

We concur:

EPSTEIN, P. J.                                    MANELLA, J.

3