Filed 1/9/14  In re Alkins CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re RONALD ANTHONY ALKINS<br><br>on Habeas Corpus. | G049370<br><br>(Super. Ct. No. C-86929)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Alan Macina for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT: *

Ronald Anthony Alkins seeks relief from the failure to file a timely notice of appeal. The petition is granted.

As a result of a plea agreement in 1991, Ronald Anthony Alkins was sentenced in superior court case No. C-86929. On May 10, 2013, the trial court denied his motion to vacate the judgment pursuant to Penal Code section 1016.5. After Alkins decided to appeal the court ruling, counsel filed a timely notice of appeal on July 1, 2013. Although an appeal from a motion to vacate pursuant to Penal Code section 1016.5 requires a certificate of probable cause, (*People v. Placencia* (2011) 194 Cal.App.4th 489) counsel's declaration states he inadvertently failed to request a certificate of probable cause so that Alkins could challenge the validity of the plea. When counsel realized his error in not filing a request for certificate of probable cause, he filed this petition for writ of habeas corpus seeking relief on behalf of his client.

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because an attorney, who has advised his client that he would file a notice of appeal, has a duty to file a proper notice of appeal, or tell the client how to file it himself. In this case, counsel advised Alkins that he would file a notice of appeal on his behalf. Alkins's reasonable reliance on the promise of counsel to file a timely notice of appeal entitles him to the relief requested.

The Attorney General does not oppose Alkins's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

---

* Before O'Leary, P. J., Rylaarsdam J., and Bedsworth, J.

2

The petition is granted. On Alkins's behalf, Attorney Alan Macina is ordered to prepare and file a request for certificate of probable cause in Orange County Superior Court case No. C-86929, and the clerk of the superior court is directed file the request if presented within 30 days of this opinion becoming final. The superior court shall comply with rule 8.304(b) of the California Rules of Court and rule on the request within 20 days from the date the request is filed in Superior Court.

Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final forthwith.