Filed 1/28/14  P. v. Johnson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>MICHAEL A. JOHNSON,<br><br>        Defendant and Appellant. | A139871<br><br>(Lake County<br>Super. Ct. Nos. CR931131 CR931546<br>& CR931591) |

Defendant Michael A. Johnson appeals following judgments entered pursuant to no contest pleas entered to resolve these three referenced cases.  Specifically, in case No. CR931131, defendant pleaded no contest to count 2, possession of tear gas (pepper spray) (Pen. Code, § 22900) and count 1 was dismissed.  In case No. CR931546, he pleaded no contest to counts 1 and 3, possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and driving with a suspended license (Veh. Code, § 14601.1, subd. (a)), respectively, and admitted one prior prison term (Pen. Code, § 667.5, subd. (b)); all other allegations were dismissed.[1]  The trial court sentenced him to a total of four years (three-year upper term for methamphetamine possession and one year for the prior, and a concurrent 180 days for the suspended license and concurrent year on the tear gas possession), to be completed in local custody pursuant to Penal Code section 1170.  In

---

[1]  The additional allegations included that defendant committed the offense while out on bail in case No. CR931131 and three other prior prison terms (Pen. Code, § 667.5, subd. (b)).

1

case No. CR931591, the trial court revoked community supervision and imposed 180 days, concurrently with the other sentences.

His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.) Defendant was notified of his right to file a supplemental brief, and has done so. Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgment.

## DISCUSSION

Penal Code section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause. There are two exceptions: (1) a challenge to a search and seizure ruling, as to which an appeal is proper under Penal Code section 1538.5, subdivision (m); and (2) postplea sentencing issues. (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.) Since defendant's application for a certificate of probable cause was denied, he is not able to challenge the validity of his plea or any other matter that preceded its entry, except as permitted under the exceptions. (See *People v. Cole* (2001) 88 Cal.App.4th 850, 868.)

Defendant made suppression motions in the pepper spray and methamphetamine cases. Officer Bradlee Middleton testified in the pepper spray case. He observed defendant driving a car with expired registration tags, then pull off the street into a lot, exit the vehicle and quickly walk away. Middleton stopped his car, exited and called out for defendant to stop and return to talk to the officer. The officer saw defendant toss away a black object near the car as he walked toward the officer. Not knowing what the object was and seeing others in the car, the officer, who was alone, detained defendant in handcuffs for safety purposes and ran a records check, which showed defendant was on post release community supervision, subject to a search. He then searched defendant and

2

found the canister of pepper spray. The trial court correctly ruled the initial detention (the order to stop walking and return to the officer) was proper to investigate the apparent vehicle code violation (the expired registration tags). It also correctly ruled the handcuffing during the detention was justified given defendant's tossing away an unidentified object towards the car, the presence of others in the defendant's car, and the fact the officer was alone at the scene and reasonably concerned about safety. The detention was brief and during that time the officer learned defendant was subject to search. Accordingly, the motion to suppress was properly denied.

Officer Michael Ray testified in the methamphetamine case. He was enroute, with his K-9, to contact an individual, and at a stop sign saw defendant in a small pickup truck. Looking at the officer, defendant began backing up against the flow of traffic, which the officer believed might be a vehicle code violation, unsafe backing. The truck then pulled to east shoulder, while the officer pulled up next to the driver's side of the truck. He then recognized the defendant and asked why he had backed up. Defendant said he did not want the officer to see him driving. The officer believed defendant was on parole, and asked him if he was. Defendant confirmed that he was. The officer then conducted a parole search and found in defendant's pants pocket a substance he believed was methamphetamine and in defendant's shirt pocket a glass smoking pipe with residue. The trial court did not agree there was a vehicle code violation, but properly concluded there was permissible contact before any detention. At that point the officer recognized defendant, and was aware of defendant's parole and search status. Accordingly, this motion to suppress was also properly denied.

The second exception to the requirement for a probable cause statement does not encompass defendant's motion to withdraw his plea on grounds he was under the influence of pain killers for an injury he had sustained in jail and he believed his prior attorney would get him into a drug treatment program and represent him in a civil action against the Sheriff. This is an attack on the validity of the plea based on alleged circumstances that preceded the plea and, therefore, is within the probable cause statement requirement. (*People v. Johnson* (2009) 47 Cal.4th 668, 679; see also *People*

*v. Placenia* (2011) 194 Cal.App.4th 489, 494–495.) In any case, defendant testified, as did his prior attorney. It was within the trial court's province to determine which testimony to credit, and it credited that of defense counsel. There was no abuse of discretion in denying defendant's motion to withdraw his plea.

The trial court also did not commit any error or abuse its discretion in sentencing defendant. Defendant was ably represented by counsel, who urged probation and treatment. The prosecution urged imposition of the upper term on the drug possession charge in light of defendant's decade of drug abuse and extensive criminal history. The trial court duly explained its sentencing decision on the record. While recognizing defendant's substance abuse problem, it was persuaded aggravating factors predominated, including criminal history, poor performance on probation, and increasing seriousness of criminal conduct. Custody credits were properly determined.

<b>DISPOSITION</b>

After a full review of the record, we find no arguable issues and affirm the judgments.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Becton, J.*

_____

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.