[No. B239342. Second Dist., Div. Five. Aug. 21, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JERSON OTONIEL RODRIGUEZ, Defendant and Appellant.

■

## COUNSEL

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—Defendant, Jerson Otoniel Rodriguez, is a 34-year-old citizen of Guatemala who has lived in this country for more than 20 years. He pleaded nolo contendere to possession for sale of methamphetamine, a violation of Health and Safety Code section 11378. This is a deportable offense under federal law. (8 U.S.C. § 1227(a)(2)(B)(i); *Padilla v. Kentucky* (2010) 559 U.S. 356, ___, fn. 1 [176 L.Ed.2d 284, 130 S.Ct. 1473, 1477, fn. 1].) Following the plea, the trial court suspended imposition of sentence and placed defendant on three years' probation. Defendant purports to appeal from a postjudgment order denying his nonstatutory motion to vacate the judgment. Defendant argued his trial counsel was ineffective for misadvising him about the immigration consequences of his plea.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. Instead, counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 [158 Cal.Rptr. 839, 600 P.2d 1071]. (See *Smith v. Robbins* (2000) 528 U.S. 259, 271–284 [145 L.Ed.2d 756, 120 S.Ct. 746].) On June 18, 2012, we advised defendant

he had 30 days within which to personally submit any contentions or arguments he wishes us to consider.

 We asked the parties to brief the question whether this appeal must be dismissed because defendant failed to obtain a certificate of probable cause under Penal Code section 1237.5, subdivision (b). Defendant's notice of appeal states in part: "The order denying [defendant's] Motion to Vacate conviction affects his substantial rights in that he is currently in DHS/ICE custody at Adelanto Detention Facility East, Adelanto CA, and subject to exclusion from admission because of his conviction. That the order denying his statutory motion is an appealable order pursuant to Penal Code section 1237(b) and pursuant to the California Supreme Court decision in *People v. Totari* (2002) 28 Cal.4th 876 [123 Cal.Rptr.2d 76, 50 P.3d 781], does not require a certificate of probable cause for the appeal to be heard." We disagree. Although defendant's appeal is technically from an "order made after judgment" within the meaning of Penal Code section 1237, subdivision (b), it challenges the validity of his nolo contendere plea. As a result, defendant was required to obtain a certificate of probable cause in order to appeal from the denial of his motion to vacate the judgment. (*People v. Placencia* (2011) 194 Cal.App.4th 489, 492, 494 [122 Cal.Rptr.3d 922]; see *People v. Johnson* (2009) 47 Cal.4th 668, 678–679 [101 Cal.Rptr.3d 332, 218 P.3d 972].) Having failed to do so, the appeal must be dismissed. (*People v. Johnson, supra*, 47 Cal.4th at pp. 678–679; *People v. Placencia, supra*, 194 Cal.App.4th at pp. 492, 495.) Defendant's reliance on *People v. Totari, supra*, 28 Cal.4th 876 is misplaced. In *Totari*, our Supreme Court held the trial court's denial of a Penal Code section 1016.5 motion to vacate the judgment was appealable under Penal Code section 1237, subdivision (b). (*Totari*, at p. 887.) In *Totari*, however, the defendant *had* obtained a certificate of probable cause. (*Id.* at p. 880.) Our Supreme Court had no occasion to consider and did not discuss whether such a certificate was required. (See *People v. Placencia, supra*, 194 Cal.App.4th at pp. 493–494.)

The appeal is dismissed.

Mosk, J., and Kriegler, J., concurred.