Filed 4/16/13  P. v. Sicarios CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046587 |
| v. | (Super. Ct. No. C-80761) |
| RAUL MENDOZA SICARIOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Craig E. Robison, Judge.  Appeal dismissed; appeal treated as petition for writ of mandate and denied.

Law Offices of Natalio Pereira, Natalio Pereira and Robert Kasenow, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Raul Mendoza Sicarios appeals from a postjudgment order denying his Penal Code section 1016.5 (all further statutory references are to this code unless otherwise stated) motion to vacate his 1990 conviction following his guilty plea to possessing cocaine for sale. He contends he was not adequately advised of the immigration consequences of his plea as required by section 1016.5. We dismiss the appeal due to defendant's failure to obtain a certificate of probable cause but grant his request to treat the appeal as a petition for writ of mandate and deny the petition.

FACTS

A native and citizen of Mexico, defendant entered the Unites States in 1980. In 1990, he pleaded guilty to possessing cocaine for sale on a preprinted *Tahl* form. (*In re Tahl* (1969) 1 Cal.3d 122.) He initialed the box that states, "I understand that if I am not a citizen of the United States the conviction for the offense charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." He also initialed the box that states, "I have personally initialed each of the above boxes and discussed them with my attorney," as well as the box signed by his trial counsel stating he "explained each of the above rights to the defendant" and "stipulate[s] this document may be received by the court as evidence of defendant's intelligent waiver of these rights and that it shall be filed by the clerk as a permanent record of that waiver. . . ."

The *Tahl* form and minute order indicate an interpreter, Alba Jones, was present and "sworn to interpret. in Spanish." The court's minute order also indicates defendant was advised of the "conseq[.] of plea if not a citizen." In exchange for the plea, defendant received three years of probation with 90 days of local custody time.

Defendant obtained lawful permanent resident status in 2010 only to have it revoked because of his guilty plea. He moved to withdraw his plea, asserting he did not

2

receive sufficient notice of the immigration consequences of his plea.  In January 2012, the court found defendant was adequately advised and denied the motion.

A few weeks later, defendant filed, in pro. per., a notice of appeal from the 1990 plea but used the date of the denial of his motion to vacate.  He also requested a certificate of probable cause.  The court denied the request, finding it untimely to the extent it sought to directly challenge the 1990 plea and that no certificate was required to appeal the denial of the section 1016.5 motion.  The Orange County Superior Court Clerk marked defendant's notice of appeal "inoperative" due to the court's denial of the certificate request.  Defense counsel subsequently filed a notice of appeal from the January 2012 order without requesting a certificate of probable cause and instead citing section 1237, subdivision (b) and *People v. Totari* (2002) 28 Cal.4th 876.

## DISCUSSION

### 1. Absence of Certificate of Probable Cause

The Attorney General contends the appeal should be dismissed due to the lack of a certificate of probable cause and that the trial court's erroneous conclusion one was not needed on appeal from the denial of a section 1016.5 motion does not relieve defendant from obtaining one.  We agree.

*People v. Placencia* (2011) 194 Cal.App.4th 489, held a defendant cannot challenge the denial of a motion to vacate a guilty plea under section 1016.5 without first complying with section 1237.5's requirements.  (*Placencia*, at pp. 493-495.)  It reasoned, although appeals based on grounds arising after the entry of the plea and not challenging its validity do not require a certificate of probable cause, an appeal from denial of a section 1016.5 motion to vacate is based on the claim the trial court failed to give the requisite advisements "which necessarily precedes the entry of the plea and affects the validity of the plea. [Citations.]"  (*Placencia*, at pp. 493-494.)  A contrary position was

3

taken by another appellate court in which the Supreme Court has granted review. (*People v. Arriaga* (2011) 201 Cal.App.4th 429, review granted Feb. 22, 2012, S199339.) Pending direction from the Supreme Court, we agree with *Placencia.*

Defendant contends *Placencia* was wrongly decided because an appeal from the denial of a section 1016.5 motion is governed by section 1237, subdivision (b), which does not require a certificate of probable cause. *People v. Rodriguez* (2012) 208 Cal.App.4th 998, recently rejected a similar argument stating, "[a]lthough defendant's appeal is technically from an 'order made after judgment' within the meaning of . . . section 1237, subdivision (b), it challenges the validity of his nolo contendere plea. As a result, defendant was required to obtain a certificate of probable cause in order to appeal from the denial of his motion to vacate the judgment. [Citations.] Having failed to do so, the appeal must be dismissed. [Citations.]" (*Id*. at p. 1000.) *Rodriguez* found the defendant's reliance on *People v. Totari*, *supra*, 28 Cal.4th 876 "misplaced" because while *Totari* "held the . . . denial of a . . . section 1016.5 motion to vacate the judgment was appealable under . . . section 1237, subdivision (b)," it "had no occasion to consider and did not discuss whether such a certificate was required" given that "the defendant *had* obtained a certificate of probable cause. [Citation.]" (*Rodriguez*, at p. 1000.)

We find *Rogriquez* persuasive and adopt its rationale. Defendant's failure to obtain the requisite certificate of probable cause, or file a petition for writ of mandate, requires us to dismiss the appeal. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1180, fn. 8; *People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188.)


2. *Treatment of Appeal as a Petition for Writ of Mandate*

Defendant requests we treat the appeal as a petition for writ of mandate, citing *People v. Nigro* (1974) 39 Cal.App.3d 506, 511 ["Since the record has been lodged with this court and in order to prevent further waste of time, effort and money, we have treated this matter, albeit untimely, as a petition for [writ of] mandate, reviewed the

record and concluded that the trial court properly refused to issue a certificate of probable cause"].) Because this is not a case involving "a felony convict who ignores the requirements of section 1237.5 and . . . nevertheless[ seeks to] get an appellate opinion, advisory or otherwise, discussing the merits of the contentions which he or she improperly seeks to raise" (*People v. Ballard* (1985) 174 Cal.App.3d 982, 987), as defendant attempted to comply with section 1237.5 but was told a certificate of probable cause was not needed, we shall treat the appeal as a petition for writ of mandate but deny the petition.

Before accepting a guilty plea, a trial court must give the defendant the following advisement on the record: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).) A defendant not so advised may moved to vacate the judgment and plea. (§ 1016.5, subd. (b).)

To prevail on such a motion, defendant had to demonstrate (1) he "was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he . . . was prejudiced by the nonadvisement. [Citations.]" (*People v. Totari*, *supra*, 28 Cal.4th at p. 884.) We review the court's ruling for abuse of discretion. (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1517-1518.)

Because no testimony or evidence was presented and the minutes of the 1990 plea hearing did not set forth the actual advisement given regarding the immigration consequences, defendant was "presumed not to have received the required advisement." (§ 1016.5, subd. (b).) The presumption was rebuttable, and the prosecution bore the burden to prove by a preponderance of the evidence that the required advisements were given. (*People v. Dubon* (2001) 90 Cal.App.4th 944, 953-954.)

5

Although a minute order provides some evidence the necessary advisements were given, it is insufficient by itself to establish a complete advisement of the three possible consequences of deportation, exclusion, and denial of naturalization. (*People v. Dubon*, *supra*, 90 Cal.App.4th at p. 955.) But here additional evidence exists in the form of the *Tahl* form on which defendant admits he initialed the statement informing him of the immigration consequences.

Defendant also concedes our Supreme Court has held that use of validly executed *Tahl* forms satisfies the requirement of a knowing waiver of constitutional rights (*In re Ibarra* (1983) 34 Cal.3d 277, 284-285, overruled on other grounds in *People v. Howard* (1992) 1 Cal.4th 1132, 1175) and that the same rule applies to advisements under section 1016.5 (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 522). But he argues a trial court must "personally examine the defendant on the record and satisfy itself that the defendant understood the advisals and had an opportunity to discuss them with his or her defense attorney," quoting *In re Ibarra*, at p. 286 ["judge need only determine whether [the] defendant had read and understood the contents of the form, and had discussed them with his attorney"] and *People v. Ramirez*, at p. 522 [section 1016.5's legislative purpose met where, inter alia, "trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel"].

Defendant acknowledges the court satisfied this requirement as to the rights to a jury trial, confront and cross-examine witnesses, and to remain silent, as "reflected in the minute order." But he claims the record does not show the "court satisfied itself [he] understood the applicable immigration consequences of his plea, or that it ever asked [him] whether the *Tahl* waiver form was properly explained to him by his attorney and whether he understood the contents of the form." On the contrary, that same minute order indicates the court satisfied itself defendant had been advised of the consequences of pleading guilty if he was not a citizen. That was sufficient.

6

Defendant claims otherwise because the interpreter did not certify on the *Tahl* form she read the contents of the waiver form verbatim in Spanish to him and that the minute order does not indicate she swore she read the form to him. The contention lacks merit. Although the 1990 *Tahl* form did not have a place for the interpreter to sign, she signed at the bottom, underneath the signatures of defendant and his attorney, which the court found was the "customary way that the interpreters indicated that they have translated the document back in that time" when the certification box was not yet on the forms. Additionally, the minute order shows the interpreter was present and sworn to "interpret." in Spanish for defendant.

Defendant maintains the interpreter was never sworn to *translate* the *Tahl* form and may not have been competent to do so because the Evidence Code distinguishes between interpreters and translators. According to him, "interpreters" swear an oath to "make a true interpretation to the witness in a language that the witness understands and . . . a true interpretation of the witness' answers to questions to counsel, court, or jury, in the English language" (Evid. Code, § 751, subd. (a)), while translators pledge to "make a true translation in the English language of any writing he or she is to decipher or translate" (*id*. § 751, subd. (c)). We are not persuaded. Regardless of any distinction between interpreters and translators, it is reasonable to infer the interpreter went over the plea form with defendant. "[S]ubstantial, not literal, compliance with section 1016.5 is sufficient." (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174, called into doubt on another ground in *People v. Carty* (2003) 110 Cal.App.4th 1518, 1526.)

Substantial evidence to support the court's finding that defendant was advised of the immigration consequences of his plea. Therefore, the court properly denied his motion to vacate the conviction.

## DISPOSITION

The appeal is dismissed; appeal is treated as a petition for writ of mandate. The petition is denied.

RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.