Filed 6/4/13  P. v. Alonso CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NAZARIO ALONSO,<br><br>    Defendant and Appellant. | D062735<br><br><br>(Super. Ct. No. SCN167248) |


APPEAL from an order of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Appeal dismissed.


Thomas A. Lappin for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Nazario Alonso appeals from the denial of his "nonstatutory" motion to withdraw his 2004 guilty plea to a violation of Health and Safety Code section 11358. His motion, and this appeal lumped together a request for nonstatutory relief, habeas corpus and a request for relief by writ of *coram nobis.* We will dismiss the appeal because Alonso has failed to obtain a certificate of probable cause in the trial court as required by Penal Code[1] section 1237.5. We also find we do not have jurisdiction to review the denial of a writ of habeas corpus in the trial court since such denial may only be reviewed by filing an original petition in this court, and not by way of appeal. Even if we were inclined to treat the appeal as a petition for writ of habeas corpus, which we are not inclined to do, we would still dismiss the petition because Alonso is not "in custody" in this case. Finally, there is no basis in the record for *coram nobis* relief.

### FACTS AND PROCEDURAL BACKGROUND

This is a sparse record. The only documents in the record are the court's minute orders, the motion to withdraw the plea and the opposition to the motion. There are no materials in the record from the 2004 case and guilty plea.

Alonso entered his guilty plea on March 15, 2004. He was thereafter granted probation for three years. Probation expired at the end of the term without any revocations.

On April 23, 2012, Alonso was arrested for domestic violence. Alonso was ultimately placed in the custody of immigration authorities. In May 2012, Alonso filed

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

his motion to withdraw the 2004 guilty plea in order to avoid potential deportation. He contended that although he was advised of the potential for immigration consequences pursuant to section 1016.5,[2] his counsel was ineffective by not further advising him of the risk of deportation. The trial court denied Alonso's motion on August 30, 2012.

Alonso filed a timely notice of appeal, but did not obtain a certificate of probable cause.

DISCUSSION

I

*A CERTIFICATE OF PROBABLE CAUSE WAS REQUIRED*

As indicated on his notice of appeal, Alonso is appealing from the denial of his motion to withdraw his guilty plea. The Attorney General first responds to the appeal contending that section 1237.5 requires a certificate of probable cause in order for this court to consider the merits of the appeal. Alonso did not discuss section 1237.5 in his opening brief and has not filed a reply brief. We agree with the respondent that the failure to obtain a certificate of probable cause is fatal to this appeal.

As a general principal, a defendant may not appeal and challenge a guilty plea without complying with section 1237.5. (*People v. Johnson* (2009) 47 Cal.4th 668, 679; *People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

---

2    The opposition to the motion included the quote from the change of plea form: "I understand that if I am not a citizen, a plea of guilty or no contest could result in my deportation or exclusion from admission to this [country] or denial of naturalization or amnesty."

3

Specifically dealing with denials of motions to withdraw guilty pleas pursuant to section 1016.5, the courts have determined that the restrictions of section 1237.5 apply to such appeals. (*People v. Placencia* (2011) 194 Cal.App.4th 489, 494; *People v. Rodriguez* (2012) 208 Cal.App.4th 998, 999-1000.)

There is nothing in this record, nor in any briefing from Alonso, that would suggest a basis for any exception to the requirement for a certificate of probable cause. Thus the appeal from the denial of the motion to withdraw the guilty plea must be dismissed.

## II

### *THE HABEAS CORPUS "APPEAL"*

Alonso has appealed from the denial of the "habeas" portion of his trial court motion. The denial of a petition for writ of habeas corpus is not an appealable order. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986.) The proper vehicle for a defendant to seek review in the appellate court is by an original petition filed in such court. (*In re Resendiz* (2001) 25 Cal.4th 230, 237, fn. 2.) Thus Alonso's appeal of the denial of his habeas corpus motion is not before us.

Even if we were inclined to treat this appeal as a petition for writ of habeas corpus, we would still lack jurisdiction to reach Alonso's claim. He is not in custody in this case, nor even in custody in the state. His probation in this case has expired, and he is under no restraint as a result of his guilty plea.

Custody is an essential element of a request for habeas relief. (*People v. Villa* (2009) 45 Cal.4th 1063, 1069-1070*; People v. Kim* (2009) 45 Cal.4th 1078, 1108 (*Kim*).)

4

There is nothing in this record to support the essential requirement of custody. Thus the purported appeal from the denial of habeas like relief is also dismissed.

III

*CORAM NOBIS*

Although he did not file a writ petition, Alonso sought relief in the trial court by way of writ of error *coram nobis*. The trial court denied Alonso relief and he now asks this court to grant such relief. Like the trial court we find nothing in this record to justify *coram nobis* relief.

The purpose of the writ of error *coram nobis* " 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not known to the court.' " (*Kim, supra,* 45 Cal.4th at p. 1091.)

As a general proposition, *coram nobis* does not apply to claims of ineffective assistance of counsel. (*Kim, supra*, 45 Cal.4th at pp. 1095, 1104.) *Coram nobis* will not vacate a guilty plea solely on the grounds the plea was induced by misstatements of counsel. (*People v. Gallardo, supra*, 77 Cal.App.4th 971, 982-983.)

In this case, Alonso was informed during the change of plea process that the conviction could lead to adverse immigration consequences, including deportation and prevention of return to this country. Although the record is sparse, we know from the prosecution's response to the motion that following his plea, and before sentencing, Alonso expressed his concerns to the probation officer about the possibility of being deported. Plainly, Alonso was well aware in 2004 that deportation was a distinct

5

possibility as a result of his guilty plea, although it was not until 2012, when Alonso was arrested for domestic violence, that he came to the attention of immigration authorities.

Given that Alonso was fully aware of the risk of deportation at the time of his 2004 guilty plea, there is no fact unknown to him, or the court arising from that plea, which could possibly support the issuance of a *coram nobis* writ. (*Kim, supra,* 45 Cal.4th at p. 1093.) The trial court properly denied Alonso relief on this ground.

## DISPOSITION

The appeal is dismissed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.