Filed 10/8/13  P. v. Hernandez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE DANIEL HERNANDEZ,<br><br>    Defendant and Appellant. | B244561<br><br>(Los Angeles County<br>Super. Ct. No. BA 025484) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara R. Johnson, Judge.  Dismissed.

Cabrera & Hart, Michael S. Cabrera and Kristen M. Hart for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews, Roberta L. Davis and William Shin, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Appellant Jose Daniel Hernandez appeals the trial court's denial of a motion to vacate a 22-year-old conviction for one count of possession of a controlled substance (cocaine) for sale (Health & Saf. Code, § 11351), which followed his guilty plea. He argues he was not adequately advised of the immigration consequences of his plea as required by Penal Code section 1016.5.[1] Because a certificate of probable cause is required to appeal the denial of a motion to vacate based on section 1016.5 (*People v. Placencia* (2011) 194 Cal.App.4th 489 (*Placencia*)), and because the trial court denied appellant's request for a certificate, we dismiss the appeal.[2]

## FACTUAL AND PROCEDURAL HISTORY[3]

On October 16, 1990, appellant was charged with one count of felony possession or purchase for sale of a controlled substance (cocaine) (Health & Saf. Code, § 11351). On November 13, 1990, appellant pled guilty and was sentenced to 180 days in county jail and three years' probation. He was subsequently found in violation of his probation on July 14, 1994, for possessing a controlled substance for sale and was sentenced to two years in state prison.

On August 21, 2012, appellant filed a petition for writ of *coram nobis*[4] and motion to vacate his guilty plea pursuant to section 1016.5. In support of the motion, appellant filed a declaration explaining: "I, Jose Hernandez, write this letter because I was arrested about 15

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     This same issue is pending before our Supreme Court in *People v. Arriaga* (2011) 201 Cal.App.4th 429, review granted Febuary 22, 2012, S199339.

[3]     The initial record submitted by appellant on appeal was incomplete, and we granted appellant's request to augment it. In his reply brief, he also attached exhibits not contained in the initial or augmented record and exhibits not presented to the trial court. The Attorney General has objected to our consideration of any of these exhibits. On our own motion, we augment the record with exhibits A (notice of appeal and request for certificate of probable cause), B (Oct. 2, 2012 letter from superior court), D (Dec. 4, 2012 letter from this court), and E (notice of filing notice of appeal). (Rules of Court, rule 8.155(a)(1).) We will not consider the other exhibits, which were not presented to the trial court. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632.)

[4]     On appeal, he raises no arguments related to his *coram nobis* petition.

2

years ago for possession of narcotics. This is something I am not proud of and I truly regret. Had I known that this conviction would affect my immigration status here in the U.S., I would have fought for my case instead of pleading to the charges. But I do not recall being told by the judge or the attorney that these charges could affect my status and be deported. Over the years I have dedicated myself to being a better person. I am the father of six children and a husband, for which I work hard everyday. I have managed my own trucking company, I sponsor a soccer team to set an example to the children of never giving up and that we can achieve our dreams." Because the reporter's transcript of the 1990 guilty plea was destroyed long ago pursuant to law, the only available record of his plea was contained in three minute orders. In the minute orders, a box was checked off by hand stating, "Defendant advised of possible effects of plea on any alien/citizenship/probation/parole status," and in the additional conditions of probation, a handwritten note stated, "If deported, re-enter the United States only on a legal basis."

On September 10, 2012, the trial court held a hearing and denied the motion: "I think that there is substantial compliance. I think that we don't have any -- a prima [facie] case has been made. We don't have any records. It's been 20 years. And in that, this is not the only offense that[] he's committed. So we don't know what happened in '93 either. [¶] The motion is denied."

Appellant filed a notice of appeal and requested a certificate of probable cause on September 24, which was denied on September 25. The trial court sent him a letter on October 2 indicating his notice of appeal was deemed "Received but not filed" and "Inoperative" because his request for a certificate of probable cause was denied and because another appeal was filed on the same day in the same case, but the name on that appeal did not match his name as reflected in court records. Thereafter, appellant filed another notice of appeal on October 5, 2012, apparently to correct the name issue, but he did not request another certificate of probable cause. On December 4, this court deemed the appeal to be from a statutory motion to vacate judgment brought under section 1016.5, citing *People v. Limon* (2009) 179 Cal.App.4th 1514, 1516, footnote 2, indicating an order denying a section 1016.5 motion is appealable. Although not in the record, appellant claims he filed another

3

request for a certificate of probable cause on June 26, 2013, which was denied on July 1, 2013. Appellant also filed two petitions for a writ of mandate challenging the denial of a certificate of probable cause. We denied those peititons on July 31, 2013. (*Hernandez v. Superior Court*, B249435, B249750.) Thus, appellant purports to appeal from an order for which no certificate of probable cause has been issued.

## DISCUSSION

The Attorney General urges us to dismiss appellant's appeal because a certificate of probable cause was required and appellant's requests for a certificate were denied. Appellant does not address this contention in his briefs, but instead argues at length that his appeal was timely pursuant to Rules of Court, rule 8.304(b). Both appellant's notices of appeal were timely, and at least appellant's first request for a certificate of probable cause was timely. (See Rules of Court, rule 8.308(a).) However, we agree with the Attorney General a certificate of probable cause was required and appellant's appeal must be dismissed.

Under section 1016.5, subdivision (a), prior to accepting a guilty plea the trial court must advise the defendant that a conviction may have various immigration consequences, including deportation, exclusion from admission to the United States, or denial of naturalization. If the trial court fails to do so, and the defendant shows the conviction may have the consequence of deportation or exclusion, "the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." (§ 1016.5, subd. (b).) The denial of a section 1016.5 motion to vacate a plea is an appealable order. (*People v. Totari* (2002) 28 Cal.4th 876, 887 (*Totari*).)

To appeal from a guilty plea, however, section 1237.5 requires the defendant obtain a certificate of probable cause from the trial court.[5] Section 1237.5 "relates to the procedure

---

[5]    Section 1237.5 states, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of

4

in perfecting an appeal from a judgment based on a plea of guilty, and not to the grounds upon which such an appeal may be taken." (*People v. Ribero* (1971) 4 Cal.3d 55, 63, superseded by statute on another point as stated in *In re Chavez* (2003) 30 Cal.4th 643, 656.) It does not apply to errors that occur after a plea has been entered. (*People v. Johnson* (2009) 47 Cal.4th 668, 678.) However, "[i]t has long been established that issues going to the validity of a plea require compliance with section 1237.5. [Citation.] Thus, for example, a certificate must be obtained when a defendant claims that a plea was induced by misrepresentations of a fundamental nature [citation] or that the plea was entered at a time when the defendant was mentally incompetent [citation]. Similarly, a certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.) In determining whether section 1237.5 applies, the critical inquiry is whether the issue on appeal is in substance a challenge to the validity of the plea, in which case the requirements of section 1237.5 must be met. (*Panizzon*, at p. 76.)

Whether compliance with section 1237.5 is necessary to perfect an appeal from an order denying a section 1016.5 motion was exactly the issue before the court in *Placencia*. The *Placencia* court concluded compliance was required, reasoning that an appeal from denial of a section 1016.5 motion to vacate is based on the claim that the trial court failed to give the requisite advisements "which necessarily precedes the entry of the plea and affects the validity of the plea." (*Placencia, supra*, 194 Cal.App.4th at p. 494.) Requiring compliance does not impede the defendant's right to appeal, the court explained, because if the trial court wrongfully refuses to issue a certificate, the defendant may obtain relief through a writ of mandate. (*Id.* at p. 495.) Indeed, appellant filed writ petitions here, although they were denied. We find the reasoning of the court in *Placencia* persuasive and adopt it here.

---

perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

Appellant cites *Totari* for the proposition the order denying his section 1016.5 motion is an appealable order.  He is correct.  (*Totari, supra*, 28 Cal.4th at p. 887.)  In *Totari*, however, the defendant obtained a certificate of probable cause preliminary to appealing the denial of his section 1016.5 motion to vacate.  The Court of Appeal dismissed the appeal on the grounds that the order was nonappealable.  Our Supreme Court reversed, concluding that denial of a section 1016.5 motion to vacate was an appealable order.  (*Totari*, at pp. 886-887.)  But whether a certificate of probable cause is required to perfect an appeal from a denial of a section 1016.5 motion to vacate was decidedly not at issue in *Totari,* as the opinion makes clear the defendant obtained one.  "'It is axiomatic that cases are not authority for propositions not considered.'"  (*People v. Jennings* (2010) 50 Cal.4th 616, 684.)  Thus, *Totari* does not stand for the proposition that a certificate is or is not required to appeal from a denial of a section 1016.5 motion.  (*People v. Rodriguez* (2012) 208 Cal.App.4th 998, 1000; *Placencia, supra*, 194 Cal.App.4th at pp. 493-494.)

## DISPOSITION

Defendant's appeal is dismissed.[6]


FLIER, J.

WE CONCUR:



BIGELOW, P. J.                              RUBIN, J.

---

[6]     Recently, our Supreme Court decided *People v. Martinez* (2013) 57 Cal.4th 555, clarifying the prejudice required for relief under section 1016.5:  "We hold that because the question is *what the defendant would have done,* relief should be granted if the court, after considering evidence offered by the parties relevant to that question, determines the defendant would have chosen not to plead guilty or nolo contendere, even if the court also finds it not reasonably probable the defendant would thereby have obtained a more favorable outcome."  (*Id.* at p. 559.)  Because the trial court in this case denied appellant's motion for the failure to present evidence that he was not advised of the immigration consequences, not for the failure to show prejudice, we need not remand for the trial court to reconsider its denial of a certificate under the rule established in *Martinez.*