Filed 4/3/14  P. v. Chacon CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ISAIAS CHACON,<br><br>        Defendant and Appellant. | A138801<br><br>(Contra Costa County<br>Super. Ct. No. 011525591) |

Isaias Chacon pleaded guilty to one count of felony possession of cocaine salt (Health & Saf. Code, § 11350, subd. (a)).  He was granted deferred entry of judgment and ordered to attend a drug program pursuant to Penal Code section 1000 et seq.[1]  Chacon successfully completed the drug program and the court dismissed the criminal

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.  "Sections 1000.1 and 1000.2 provide that, in appropriate cases, the court can accept a guilty or no contest plea but defer entry of the judgment of conviction pending the defendant's attempt to successfully complete a drug rehabilitation program.  (§ 1000.1, subd. (b) ['If the court determines that it is appropriate, the court shall grant deferred entry of judgment if the defendant pleads guilty to the charge or charges and waives time for the pronouncement of judgment'].)  If the defendant successfully completes the assigned program, 'the criminal charge or charges shall be dismissed' (§ 1000.3, 4th par.), in which case no judgment of conviction will be entered into the record and, with limited exceptions, the defendant need never reveal she was even arrested, let alone that she was charged with a felony, pleaded guilty, and was granted a deferred entry of judgment.  (§ 1000.4.) . . . If the defendant's attempt at rehabilitation is unsuccessful, however, 'the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code.' (§ 1000.3, 3d par.)"  (*People v. Mazurette* (2001) 24 Cal.4th 789, 793.)

1

proceedings, pursuant to section 1000.3.  Allegedly as a consequence of this arrest and notwithstanding section 1000.1, subdivision (d)'s provision that "[a] defendant's plea of guilty pursuant to this chapter shall not constitute a conviction for any purpose unless a judgment of guilty is entered pursuant to Section 1000.3," Chacon was taken into immigration custody and placed in deportation proceedings.  Chacon appeals, asking us to review the trial court's order denying his motion to vacate or withdraw his plea.  He contends that the motion should have been granted because his attorney misadvised him of the immigration consequences of his plea.  We dismiss the appeal.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

According to the probation officer's report, on December 4, 2010, a Pleasant Hill police officer was speaking to Chacon as part of an automobile collision investigation when Chacon opened his wallet and a small, clear plastic baggie containing a white powdery substance fell to the ground.  Chacon, who is a Mexican citizen, admitted that the bag contained cocaine.  Forensic testing confirmed the substance was 0.2 grams of cocaine salt.

Chacon was charged, by complaint, with felony possession of a controlled substance (cocaine salt).  (Health & Saf. Code, § 11350, subd. (a).)  At his arraignment, Chacon pleaded not guilty.  However, he later entered a guilty plea, in exchange for a grant of deferred entry of judgment.  The Honorable William Kolin accepted Chacon's plea, granted deferred entry of judgment, ordered Chacon to attend a drug program, and suspended criminal proceedings.  Chacon's signed and initialed plea form provided: "Federal law provides for mandatory deportation for certain crimes.  I understand that if I am not a citizen of the United States, I have the right to contact a diplomatic or consular representative of my country, and conviction of a crime could result in my deportation, denial of my re-entry to the United States and denial of my application for citizenship. [¶] . . . [¶] Except for what is promised to me in open court ON THE RECORD I have not

2

been promised or offered anything by anyone (including my attorney) that causes me to enter a guilty/no contest plea."[2]  (Boldface omitted.)

Chacon successfully completed the drug program, and the court ultimately dismissed the criminal proceedings, pursuant to section 1000.3.  However, the day before the review hearing, Chacon filed a "petition for writ of error coram nobis and motion to vacate and withdraw plea" indicating that, on some unspecified date, he was taken into immigration custody and placed in deportation proceedings.  At the review hearing the next day, the Honorable Clare Maier dismissed the criminal proceedings based on Chacon's successful completion of the drug diversion program.

Thereafter, Chacon refiled the petition for writ of error coram nobis and motion to vacate or withdraw his plea.  In support of that petition, Chacon's counsel declared:  "I was/am counsel of [Chacon] in the instant matter.  Based on my belief, experience, and research, I concluded that if Chacon could avoid local custody re his matter, he would avoid [immigration] custody and charges; I so advised defendant.  Despite said belief on my part, and because I failed to negotiate the 'Cocaine Salt' language out of the complaint, he was arrested and is now in [immigration] proceedings.  He fully relied on my advise [*sic*] which, I now know is erroneous."

The Honorable Bruce Mills denied Chacon's motion, reasoning as follows:  "I think there's a real issue about whether or not this court even has jurisdiction, because there's no case pending before the court. [¶] . . . [¶] . . . [A]nd based on the statement of facts there appears to be an exceedingly high probability that were the court to follow through with the defense motion here, set aside the dismissal and set aside the entry of plea, and the defendant were to go to trial on this charge, the defendant would end up convicted it seems based on the statement of facts . . . .  [Chacon] admitted it was cocaine and that he had purchased it.  So there's a full confession, and the facts don't seem to be in dispute. . . . [¶] . . . [I]t appears to me that we don't get anywhere because the defendant would be in a worse position.  Although, I don't know what's worse than

---

[2] Chacon has not provided us a transcript of the plea proceedings.

getting deported, but I understand that as it stands right now the conviction's going to result in a deportation in all probability. But setting this aside, going to trial and then getting a conviction, not dismissed, isn't going to make the situation better. He's still going to end up with a conviction and deported." Chacon filed a timely notice of appeal—using Judicial Council Forms, form CR-132 for misdemeanor appeals—stating that his appeal was from "[a]n order that denied a [m]otion to [v]acate a prior plea ( . . . sections 1018 and 1016.5)."

## II.    DISCUSSION

Chacon's opening brief is barely comprehensible. Chacon's appellate counsel, who also represented Chacon below, does not properly cite to the record or relevant legal authority. For these reasons alone, we could treat Chacon's contentions as forfeited. (See *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115–1116 [appellate court may treat as waived any contentions not supported by citation to the record or reasoned legal analysis].)

However, as best we can tell, Chacon is not advancing a section 1016.5 argument.[3]  Instead, Chacon contends that the trial court should have permitted him to

---

[3] Chacon's motion in the trial court indicated that he sought to withdraw his plea under section 1016.5. Section 1016.5, subdivision (a) provides: "Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Section 1016.5, subdivision (b), provides in relevant part: "If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." The plea form signed and initialed by Chacon contains the admonishment required by section 1016.5.

4

withdraw his plea because *his counsel* misadvised on the immigration consequences of his plea and failed to attempt to negotiate a plea without immigration consequences. Specifically, he maintains: "Simply stated, counsel for [Chacon] would have best served [Chacon's] interest by a different focus than the one applied: While focusing on the immediate custody by [immigration officials] . . . , with same resulting in the plea undertaken, counsel would have provided better service to [Chacon] by focusing on the attempt to pray the D.A. amend his complaint, extract the 'Cocaine Salt' wording and replacing same with 'illegal substance.' That outcome, if achieved, would not expose [Chacon] to mandatory deportation."

In *Padilla v. Kentucky* (2010) 559 U.S. 356 the United States Supreme Court held that a defense attorney's failure to give correct advice on the clear immigration consequences of a plea may constitute ineffective assistance of counsel. (*Id.* at pp. 369, 374; see also *In re Resendiz* (2001) 25 Cal.4th 230, 240–242 [defendant may bring ineffective assistance of counsel claim based on misadvice on immigration consequences despite trial court § 1016.5 advisement], disapproved on another ground in *Padilla v. Kentucky*, at p. 370.) Chacon does not explicitly mention *Padilla v. Kentucky* or *In re Resendiz*, but the gist of his argument on appeal is that his attorney's advice constituted ineffective assistance of counsel notwithstanding the trial court's admonishment regarding immigration consequences.

Even though we may decipher Chacon's appellate argument, Chacon's appeal must be dismissed because there is no appealable order. Chacon's statement of appealability in his opening brief makes reference to section 1466, which governs appeals in "an infraction or misdemeanor case." Because the complaint charged Chacon with a felony, however, this code section is not applicable. (*People v. Morales* (H039915, March 26, 2014) ___ Cal.App.4th ___ [2014 Cal.App. Lexis 288]; § 691, subd. (f) [" '[f]elony case' means a criminal action in which a felony is charged . . ."], § 1235, subd. (b) ["appeal from the judgment or appealable order in a felony case is to the court of appeal for the district in which the court from which the appeal is taken is located"]; Cal. Rules of Court, rules 8.304(a)(2) [" 'felony case' means any criminal action in which

5

a felony is charged, regardless of the outcome . . ."], 8.850 ["[i]n postconviction appeals, misdemeanor cases are cases in which the defendant was convicted of a misdemeanor and was not charged with any felony"].)

In felony cases, "[a]n appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial. [¶] (b) From any order made after judgment, affecting the substantial rights of the party." (§ 1237.)

The challenged order is not appealable because there is no final judgment in this case. In *People v. Mazurette, supra,* 24 Cal.4th 789, the Supreme Court considered whether a defendant who had been granted deferred entry of judgment under sections 1000.1 and 1000.2 following the entry of a plea of guilty or nolo contendere, could appeal a preplea order denying a motion to suppress evidence. (*Id.* at pp. 792, 794.) The court concluded that, when a defendant pleads no contest to drug possession, enters a drug diversion program, and entry of judgment is deferred, it is "[o]nly following entry of judgment pursuant to section 1000.3 will a judgment exist from which defendant can appeal." (*Id.* at p. 794.) The court explained: "Because a deferred entry of judgment is neither a final judgment nor listed in section 1237 as one of the types of orders deemed to be final judgments for purposes of appeal, we would diverge from that section's plain meaning were we nevertheless to conclude defendant was entitled to appeal. And, although section 1237.5 lists the special conditions that will permit an appeal from a 'judgment of conviction' following a plea of nolo contendere, that section has no application when, as here, there is not, as yet, a judgment of conviction. [¶] Lacking a judgment of conviction, defendant's no contest plea, standing alone, is insufficient to constitute an appealable final judgment." (*Id.* at p. 794.)

6

Here, as in *People v. Mazurette*, no judgment of conviction has been entered. The case was instead dismissed. Accordingly, the challenged order is not appealable as an "order made *after* judgment, affecting the substantial rights of the party." (§ 1237, subd. (b), italics added.)

Furthermore, even if the challenged order was appealable as an order made after judgment (cf. *People v. Totari* (2002) 28 Cal.4th 876, 881–882, 886–887), Chacon's appeal would not be operative because he did not obtain a certificate of probable cause pursuant to section 1237.5. Section 1237.5 requires that a criminal defendant may not appeal "from a judgment of conviction upon a plea of guilty or nolo contendere" except where "the defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and "the trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

"A defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea, even though such a motion involves a proceeding that occurs *after* the guilty plea. [Citation.]" (*People v. Johnson* (2009) 47 Cal.4th 668, 679.) The defendant may not circumvent the requirements of section 1237.5 by seeking a writ of habeas corpus or " 'labelling the denial of the motion [to withdraw the plea] as an error in a proceeding subsequent to the plea.' " (*People v. Johnson, supra,* 47 Cal.4th at p. 682; *id.* at pp. 684–685.) Thus, a defendant, such as Chacon, who contends he received ineffective assistance of counsel prior to the plea, and that the trial court erred in denying his motion to withdraw the plea based on counsel's ineffective assistance, must obtain a certificate of probable cause in order to raise the issue on appeal. (*In re Chavez* (2003) 30 Cal.4th 643, 651; *People v. Rodriguez* (2012) 208 Cal.App.4th 998, 999–1000 [nonstatutory motion to vacate for incorrect advice regarding immigration consequences]; see also *People v. Placencia* (2011) 194 Cal.App.4th 489, 493–494 [§ 1016.5 motion to vacate]; *People v. Stubbs* (1998)

7

61 Cal.App.4th 243, 244–245.)[4]  Because Chacon has not established the existence of an appealable order or judgment and has failed to obtain a certificate of probable cause, we must dismiss his appeal.

Even if Chacon's claim was properly before us, we would conclude that it fails on the merits.  A defendant claiming ineffective assistance of counsel must show not only that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, but also must show prejudice.  (*Strickland v. Washington* (1984) 466 U.S. 668, 694; *Padilla v. Kentucky, supra,* 559 U.S. at p. 366.)

"[A] defendant who pled guilty demonstrates prejudice caused by counsel's incompetent performance in advising him to enter the plea by establishing that a reasonable probability exists that, but for counsel's incompetence, he would not have pled guilty and would have insisted, instead, on proceeding to trial.  [Citations.] [¶] . . . [¶] In determining whether or not a defendant who has pled guilty would have insisted on proceeding to trial had he received competent advice, an appellate court also may consider the probable outcome of any trial, to the extent that may be discerned. [Citations.]" (*In re Resendiz, supra,* 25 Cal.4th at pp. 253–254.)  In support of his motion, Chacon did not declare that he would not have entered his guilty plea if properly advised.  He merely declared:  "I relied on my counsel's . . . advice re my plea in the instant matter, undertook the [section] 1000 disposition, and believed same would not impact my immigration situation in the United States."  The record in this case does not establish that Chacon would have foregone his guilty plea and insisted on going to trial if his counsel had not misadvised him.

---

[4] Our Supreme Court is currently considering whether a defendant must obtain a certificate of probable cause in order to appeal the denial of a motion to withdraw a guilty plea for failure to comply with section 1016.5.  (*People v. Arriaga*, review granted Feb. 22, 2012, S199339.)

### III. DISPOSITION

The appeal is dismissed.

 

_____
Bruiniers, J.

We concur:

_____
Jones, P. J.

_____
Simons, J.