Filed 3/18/14  P. v. Zegarra CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B249634 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA059128) |
| v. | |
| JUAN PABLO ZEGARRA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Kathleen Blanchard, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

# INTRODUCTION

Pursuant to a plea bargain, the trial court sentenced defendant and appellant Juan Zegarra (defendant) to an eight-year, four-month prison term based on certain charges relating to driving under the influence of alcohol.  On appeal, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting that this court independently review the entire record to determine if there are any issues, which if resolved in defendant's favor, would require reversal or modification of the judgment.  Accordingly, we notified defendant that he could brief any grounds of appeal, contentions, or arguments he wanted us to consider.  In response, defendant submitted a supplemental brief contending that he received ineffective assistance of counsel.

Based on our review of defendant's supplemental brief and the entire record, we hold that, to the extent defendant is basing his ineffective assistance claim on grounds that occurred prior to his plea, such claim is not appealable because the trial court denied his request for a certificate of probable cause.  And, to the extent that defendant is basing his ineffective assistance claim on matters that occurred after his plea, we hold that, because the record sheds no light on why defendant's trial counsel acted or failed to act in the manner challenged, we cannot determine that claim on direct appeal.  Therefore, we conclude that there are no arguable issues on appeal and, for that reason, affirm the judgment of conviction.

# FACTUAL BACKGROUND

On January 5, 2013, Jonathan Canales was working as a federal guard at Air Force Plant 42 in Palmdale.  At approximately 9:50 p.m. that evening, he was posted at the plant's main entrance.  He observed a vehicle driving slowly toward him in the inbound lane to the plant.  The vehicle pulled into a truck inspection lane, knocked over two orange cones that were blocking that lane, and parked in the inspection lane.  As Officer Canales approached the vehicle, he noticed that defendant, who was in the driver's seat,

had a bloody nose and his vehicle had "the right passenger tire . . . blown out." When Officer Canales and other federal officers asked defendant for his keys, he rolled up the window, locked the door, and began reversing his vehicle. Officer Canales responded by striking defendant's vehicle three time with his baton.

Defendant stopped his vehicle and, after the officers removed him from it, Officer Canales smelled a strong odor of alcohol coming from defendant, who was slurring his words and did not appear to know where he was. Officer Canales also observed three empty beer cans on the floorboard of the vehicle. Defendant became aggressive toward Officer Canales when the officer tried to detain him. "Luckily, the other officers were there to detain [defendant] because if they were [not] there, [defendant] would have probably got [his] hands on [Officer Canales]."

The officers handcuffed defendant and seated him on a curb, but defendant started to fight, "kicking, spitting, [and] flailing his legs everywhere." Defendant attempted to stand up twice and kick Officer Canales. Defendant said that he was going to find out who Officer Canales was and kill him.

On January 5, 2013, California Highway Patrol Officer Robert Vandecar was stationed at the Antelope Valley Highway Patrol office. Between 9:30 and 10:00 p.m., he responded to Plant 42 on the United States Air Force Base. When he arrived at the base, he saw multiple federal officers trying to hold defendant on the ground. Officer Vandecar immediately ran to assist the federal officers. The officers were instructing defendant to stay on his stomach, face down, but he was attempting to roll to his right and kicking his legs. Another Highway Patrol officer arrived to assist Officer Vandecar in restraining defendant's legs. Officer Vandecar could smell the odor of alcohol coming from defendant.

Defendant was ultimately restrained on an ambulance gurney, transported to the hospital, and, after an extended period of time, he calmed down. Based on Officer Vandecar's observations of defendant, he opined that defendant was under the influence of alcohol. Officer Vandecar witnessed hospital personnel draw a blood sample from

3

defendant which sample he booked into the evidence locker. An analysis of the blood sample showed that defendant's blood alcohol content was .20.

## PROCEDURAL BACKGROUND

In an information, the Los Angeles County District Attorney charged defendant in count 1 with driving under the influence within 10 years of a prior driving under the influence felony conviction in violation of Vehicle Code section 23550.5, subdivision (a); in counts 2 and 3 with resisting an executive officer in violation of Penal Code section 69;[1] in count 4 with driving when that privilege was suspended for a prior driving under the influence conviction in violation of Vehicle Code section 14601.2, subdivision (a); and in count 5 with driving while his driver's license was suspended or revoked in violation of Vehicle Code section 14601.5, subdivision (a). The District Attorney alleged as to counts 1 through 3 that defendant had suffered six prior convictions for which a prison term had been served within the meaning of section 667.5, subdivision (b). The District Attorney further alleged as to counts 1 through 3 that defendant had suffered a prior strike conviction within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d).[2]

Following the preliminary hearing, defendant substituted in new counsel. At the arraignment hearing, defendant pleaded not guilty and denied the special allegations. At the pretrial conference, defendant entered into a plea agreement pursuant to which he pleaded no contest to counts 1 and 3, admitted the prior strike allegation, and admitted one of the prior prison term allegations. The trial court dismissed the remaining counts and sentenced defendant to an aggregate prison term of eight years, four months,

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     This prior strike allegation was added to the information by handwritten interlineations at the time defendant entered his no contest plea.

4

comprised of the following terms: on count 1, an upper term sentence of three years, doubled to six years based on the admission of the prior strike allegation, to run consecutive to a one-third the middle term sentence of eight months on count 3, doubled to 16 months based upon the admission of the prior strike allegation, plus an additional one-year term based on the admission of the prior prison term allegation.

## DISCUSSION

Defendant contends in his supplemental brief that he received ineffective assistance of counsel. According to defendant, his trial counsel failed to advise the trial court of defendant's physical conditions and, specifically, how those conditions rendered him physically unable to resist arrest as charged. He also contends that his trial counsel's failure to provide the trial court with evidence of his physical conditions at the time he entered into the plea bargain somehow adversely affected that bargain.

To the extent defendant is claiming that he received ineffective assistance prior to his plea of no contest, that claim is not cognizable on appeal because the trial court denied his request for a certificate of probable cause. "Section 1237.5 provides that a defendant may not appeal a judgment of conviction entered on a plea of guilty or nolo contendere without obtaining a certificate of probable cause from the trial court, unless the appeal is based solely upon grounds occurring after entry of the plea and which do not challenge its validity. (Cal. Rules of Court, rule 8.304(b); *People v. Johnson* (2009) 47 Cal.4th 668, 678 [101 Cal.Rptr.3d 332, 218 P.3d 972]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1096 [81 Cal.Rptr.2d 301, 969 P.2d 146].) The purpose for requiring a certificate of probable cause is to prevent frivolous appeals challenging convictions following guilty and nolo contendere pleas. (*Johnson*, at p. 676; *People v. Panizzon* (1996) 13 Cal.4th 68, 75-76 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)" (*People v. Placencia* (2011) 194 Cal.App.4th 489, 493.)

Moreover, to the extent defendant is basing his ineffective assistance claim on grounds that occurred after his plea, that claim cannot be determined on direct appeal

5

because the record sheds no light on why his counsel acted or failed to act in the manner challenged. "'To establish a violation of the constitutional right to effective assistance of counsel, a defendant must show both that his counsel's performance was deficient when measured against the standard of a reasonably competent attorney and that counsel's deficient performance resulted in prejudice to defendant in the sense that it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."' (*People v. Kipp* (1998) 18 Cal.4th 349, 366 [75 Cal.Rptr.2d 716, 956 P.2d 1169], quoting *Strickland v. Washington* [(1984)] 466 U.S. [668,] 686.) Preliminarily, we note that rarely will an appellate record establish ineffective assistance of counsel. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267-268 [62 Cal.Rptr.2d 437, 933 P.2d 1134].)" (*People v. Thompson* (2010) 49 Cal.4th 79, 122.) "We have repeatedly stressed 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' (*People v. Wilson* (1992) 3 Cal.4th 926, 936 [13 Cal.Rptr.2d 259, 838 P.2d 1212] quoting *People v. Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding. (*People v. Wilson*, *supra*, at p. 936; *People v. Pope*, *supra*, at p. 426.)" (*People v. Mendoza Tello, supra,* 15 Cal.4th at pp. 266-267.) Here, the record does not disclose why defendant's trial counsel acted or failed to act in the manner challenged and we cannot determine that there could be no satisfactory explanation. Therefore, the ineffective assistance of counsel claim must be rejected on appeal.

In addition to considering defendant's submission, we examined the entire record to determine if there are any other arguable issues on appeal. Based on that independent review, we have determined there are no other arguable issues on appeal. We are therefore satisfied that defendant's appointed counsel has fully satisfied his responsibilities under *Wende, supra,* 25 Cal.3d 436.

6

## DISPOSITION

The judgment of conviction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

MINK, J.*

---

*        Retired Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.